UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Little Mountain Precision, LLC,** | ) | **CASE NO. 22 CV 1471** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **DR Guns, LLC,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff Little Mountain Precision, LLC's Motion to Compel Responses to Discovery (Doc. 49). This is a breach of contract action. For the following reasons, the motion is GRANTED in PART and DENIED in PART.

**FACTS**

Plaintiff entered into various agreements with "DR Guns, LLC...and its subsidiaries, parent companies, and/or related companies...." Plaintiff named a number of entities as defendants in this matter that it alleges are "related" to defendant DR Guns, LLC ("DR Guns"). During the course of discovery, plaintiff propounded a number of requests for admission,

1

interrogatories, and document requests. Defendants objected to certain discovery requests. Plaintiff sent Rule 37 letters to defendants in an attempt to resolve the dispute, and defendants responded thereto. The parties are now at an impasse.

The dispute largely centers around discovery directed at whether defendants are related companies. According to plaintiff, the discovery will show that the parties share common ownership, finances, and control such that each defendant should be considered a "related company" as that term is understood in the various agreements. In response, defendants argue that the information sought by defendants is not relevant because defendants admit that all of the defendants share common ownership and management and are, therefore, related. As a result of the acknowledgment, the discovery is not relevant.

Upon review, the Court agrees with plaintiff. Although seeming to agree that the defendant entities are related, defendants nonetheless dispute that the entities are *sufficiently* related so as to be bound to the agreements. At this point, it is not clear to the Court what defendants intend by their "agreement" as to relatedness of the entities. Defendants do not point to a stipulation or an admission that would place this issue outside the scope of discovery. Moreover, plaintiff cites to discovery responses in which defendants either deny or claim "lack of knowledge" regarding ownership and control. It is apparent that plaintiff intends to introduce evidence of relatedness, including information regarding ownership, control, and financial structure to establish that defendants are "related companies" as that term is understood in the agreements. Plaintiff is allowed to do so.

Specifically, plaintiff requests the following information from the non-DR Guns defendants:

(1) the identification of all entities that possess an ownership interest in the defendant;

(2) the identities of insurance brokers, accountants, and employee benefit consultants;

(3) the identities of financial institutions at which defendants have bank accounts, as well as the identities of all lenders;

(4) all insurance policies;

(5) financial statements, including monthly and year-end statements, as well as monthly accounts receivable and payable; and

(6) customer lists.

Certain of the entities appear to be limited liability companies. Plaintiff propounded a request for production directed at these defendants seeking copies of operating agreements and amendments thereto. In addition, with respect to HH, Inc., Rybacki Management, Inc., and SLD Real Estate Holdings, Inc., plaintiff requests documents showing which of their customers placed orders under the agreements at issue in this lawsuit. Plaintiff further seeks documents disclosing the amount of sales by customer from January 1, 2020 through the present. Plaintiff also seeks the sales records from SRW Industries, LLC and 551 Telser Road, LLC.

Upon review, the Court finds plaintiff's motion to be well-taken in part. It is apparent that defendants' position is that the phrase "related companies" as set forth in the various agreements means something *other* than "ownership and control." Having taken that position, defendants cannot now attempt to limit plaintiff's access to information regarding the proper meaning of "related company." According to plaintiff, the term "related company" could be satisfied by a showing of "commonalities and interconnections" among the defendants. Because the meaning of "related company" appears to be squarely at issue in this lawsuit, the Court agrees with plaintiff that it should be permitted access to information that could be used to show

that defendants share commonalities. Therefore, defendants must respond to the discovery topics identified in categories one, two, and three set forth above. By way of example, the sharing of insurance brokers, accountants, and financial institutions may satisfy a definition of "related entities" based on the sharing of commonalities.

With regard to category five, *i.e.*, financial statements, the Court finds that year-end financial statements must be produced as those statements may disclose information regarding control and ownership. Monthly financial statements, including accounts payable and receivable, need not be produced. At least some of the defendants do not appear to manufacture, purchase or sell gun parts. Accordingly, this discovery is not proportional to the needs of the case. The Court agrees with defendants that the monthly accounts receivable/payable of a medical supply company would not appear relevant to *any* issue in this case. The same holds true with respect to the customer lists sought in category six. The Court further declines to order defendants to produce the insurance policies sought in category four. In their responses to plaintiff's Rule 37 letters, defendants indicate that no responsive insurance policies exist. Accordingly, there is nothing to produce.

The Court finds that copies of operating agreements and amendments thereto are relevant to the "related company" issue in that they may disclose ownership or managerial control. The operating agreement may disclose information such as voting rights or decision-making authority, which go directly to this issue. On the other hand, the identification of defendants' customers and the amount of sales for those customers need not be produced. The Court finds that the identity of customers and amount of sales is not relevant to the "related company" issue, nor is it relevant to whether defendants breached the various agreements. This is especially so in

4

that some defendants are not in a "gun parts" business. Information regarding those customers simply has no bearing on this lawsuit.

Plaintiff seeks all of the information identified above from DR Guns. The same rulings apply. In addition, plaintiff seeks the following discovery from DR Guns:

(1) Admissions and document requests directed at income and inventory levels for the years 2019 and 2020; and

(2) Admissions and document requests directed at DR Guns's provision of financial information to plaintiff prior the execution of the agreements at issue.

Plaintiff argues that the information is relevant to defendants' intent in including the "related company" language in the agreements. Defendants argue in their brief in opposition that they have already provided answers to the admission and document request sought in category two. According to defendants, they did not provide financial information to plaintiff prior to the execution of the agreements at issue. Defendants also claim that plaintiff is in possession of at least some of the financial information sought in the first category. Defendants note that after the execution of the agreements, they provided financial information to plaintiff in connection with a possible sale of DR Guns to plaintiff.

Upon review, the Court finds as follows. To the extent defendants have not *formally* answered the requests related to category two, they must do so. In the event defendants did not provide financial information to plaintiff prior to the initial execution of the agreements, then they need not produce the information sought in category one. Plaintiff's own theory of the case is that *plaintiff* insisted on the inclusion of the language in the agreements due to its own concerns about the financial stability of DR Guns. Thus, any information actually disclosed by defendants to plaintiff would be relevant to the issue of intent. The information, however, would

5

not be relevant to defendants' own intent. It simply makes no sense that defendants themselves would have intended to bind additional entities because of their concern over their own financial well-being. Moreover, the requests are overbroad. The Court can think of no theory of the case that would require the disclosure of inventory levels when defendants were the purchasers under the agreements. In the event defendants disclosed financial information prior to the execution of the agreements, any information that was disclosed must be produced.

Plaintiff requests an award of attorney fees in connection with the filing of this motion. The request is denied. The Court finds that defendants' objections were substantially justified. A motion is "substantially justified" if it raises an issue about which "there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Doe v. Lexinton-Fayette Urban Cy. Gov't*, 407 F.3d 755, 765 (6th Cir. 2005). The Court throughly reviewed the discovery, the parties' Rule 37 letters, as well as the arguments raised in the briefing. Defendants' argument that the discovery ordered herein is not relevant to the "related company" issue was a close call. Although plaintiff prevailed in connection with some of its motion, defendants prevailed on certain issues as well. The Court understands that it is permitted to award attorney fees even if the motion is only partially successful, but it declines to do so in this case.

**CONCLUSION**

For the foregoing reasons, Plaintiff Little Mountain Precision, LLC's Motion to Compel Responses to Discovery is GRANTED in PART and DENIED in PART.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 4/28/23