**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Little Mountain Precision, LLC,** | ) | **CASE NO. 1:22 CV 1471** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **DR Guns, LLC,** | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| Defendant. | ) | |

### **INTRODUCTION**

This matter is before the Court upon Plaintiff/Counterdefendant Little Mountain Precision, LLC's Motion for Partial Judgment on the Pleadings (Doc. 64). This is a breach of contract case. For the reasons that follow, the motion is DENIED.

### **FACTS**

The facts of this case have been set forth in prior opinions and need not be fully rewritten herein. Only those facts necessary for a resolution of the instant motion are detailed.

Plaintiff Little Mountain Precision, LLC ("Little Mountain") filed this action against DR

1

Guns, LLC, certain entities alleged to be relate to DR Guns, LLC, and two individuals.  For ease of reference this Court will refer to all corporate defendants collectively as "DR Guns."  In large measure, the amended complaint is based on DR Guns's alleged breach of a number of agreements between the parties.  The Court dismissed the individual defendants and only the corporate defendants remain.

In response to the complaint, DR Guns filed a counterclaim against Little Mountain.  The counterclaim alleges breach of contract and fraud.  The breach of contract claim is based on the same agreements described in the complaint.

For purposes of ruling on the pending motion, the parties focus on two provisions. The first is a liquidated damages clause that provides as follows:

> In the event of an uncured Default by BUYER, Seller may recover from BUYER all damages recoverable at law including but not limited to any or all of the following: (1) its actual out-of-pocket damages or costs directly caused by BUYER's breach of this Agreement; (2) the sums owed for Parts delivered to BUYER but not paid for; (3) the cost of finished parts not yet shipped to BUYER; (4) forty-five percent (45%) of the aggregate amount of monies that BUYER would have paid Seller for Parts scheduled to be sold and delivered under this Agreement after the date of BUYER'S Default (Buyer acknowledges that the actual damages sustained by Seller resulting from BUYER'S breach of the Agreement are not readily calculable and that this liquidated damages amount is fair an reasonable); and (5) Seller's reasonable legal and litigation expenses.

(Agmts. at ¶ 9(C)).

The second provision involves the time frame in which legal clams must be filed:

> ....Any legal action on the part of BUYER must be brought within one (1) year of the earlier of: i) the date of delivery of the subject Parts; or ii) the date of the alleged Default, or any such claim shall be waived.

(Agmts. at pars. ¶9(D)).

Little Mountain moves for judgment on the pleadings seeking rulings that (1) the

2

liquidated damages provision is enforceable; and (2) any claims arising from alleged breaches occurring prior to December 23, 2021, *i.e.*, one year prior to the date DR Guns filed the counterclaim, must be dismissed as violative of Paragraph 9(D) of the agreements. DR Guns opposes the motion.

### **STANDARD OF REVIEW**

A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion."*Mellentine v. Ameriquest Mortg. Co.,* 2013 WL 560515 (6ᵗʰ Cir. February 14, 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007).

Thus, "[w]e assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6ᵗʰ Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6ᵗʰ Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds

> upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

### **ANALYSIS**

Upon review, the Court finds that the motion must be denied as premature. Little Mountain asks that the Court essentially issue declaratory rulings as to the meaning of two contractual provisions. But, as Little Mountain acknowledges, the Court has not been asked to declare if there has even been a breach of the relevant agreements. Thus, Little Mountain is asking for an advisory ruling at this point. In the event it is determined that no breach occurred, the ruling would have no bearing on this case. More important, on the unique facts of this case, the Court cannot say which entities are even proper defendants. According to Little Mountain, certain entities that are "related" to DR Guns, LLC are parties to the agreements. But Little Mountain does not seek a ruling on this issue. Therefore, the Court could not even identify the defendants to which its ruling would apply. These facts make clear that any ruling would be advisory in nature.

4

Notably, Little Mountain does not ask for judgment on any claim or for the dismissal of any party. Although in narrow instances such a ruling might be appropriate, this is not one of those cases.[1] By way of example, in order to determine whether a liquidated damages provision is a penalty, courts typically look to a number of factors before issuing a ruling. Little Mountain itself points to information outside of the pleadings, including a statement that "in the backdrop of that analysis is the fluctuation associated with Little Mountain's internal operations, including the variable costs associated with raw materials and labor...." There are no allegations in the complaint, however, directed at any internal operational costs or fluctuations. In sum, the Court finds that the particular rulings sought by Little Mountain are not appropriately resolved at this stage in the litigation.

With regard to the "statute of limitations" declaration sought by Little Mountain, the Court requested additional briefing. The Court did so because Little Mountain raised the issue of waiver for the first time in its reply brief. As indicated in its previous order, the Court's intent is always to move its cases and issue rulings in a prompt and efficient manner. However, upon review of the specifics of this motion, the Court finds that it would simply be improper to issue a premature ruling. The Court notes that the timing in this case is unconventional. Little Mountain did not file its motion for judgment on the pleadings until just shortly before the discovery cutoff. In fact, the motion was not ripe until after the close of discovery. And, notably, summary judgment motions are due in a few short weeks. The Court finds that the issues set forth in the

---

[1] The rulings Little Mountain seeks here differ significantly from the rulings sought in Little Mountain's motion for judgment on the pleadings directed at the third-party complaint. In that motion, Little Mountain asks that the Court rule on the viability of the claims asserted in the third-party complaint.

5

motion are more properly addressed at the summary judgment stage, which will cause little delay in this case. In addition, the Court notes that DR Guns very recently filed a motion to amend its answer to assert certain affirmative defenses, including a defense directed at the enforceability of the "statute of limitations." That motion is not ripe. For this additional reason, Little Mountain's requests are not appropriately addressed at this juncture.

### CONCLUSION

For the foregoing reasons, Plaintiff/Counterdefendant Little Mountain Precision, LLC's Motion for Partial Judgment on the Pleadings (Doc. 64) is DENIED.

IT IS SO ORDERED.

Dated: 7/27/23

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge