**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **Little Mountain Precision, LLC,** | ) | **CASE NO. 1:22 CV 1471** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **DR Guns, LLC,** | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| **Defendant.** | ) | |


<u>**INTRODUCTION**</u>

This matter is before the Court upon Defendant DR Guns, LLC's Motion for Leave to File Amended Answer Instanter (Doc. 89).  This is a breach of contract case.  For the reasons that follow, the motion is GRANTED.  The deposition of John Habe must be completed by September 29, 2023.  Any supplement to the pending motions for summary judgment are due by October 16, 2023.  Briefs in opposition to both the pending motions and any supplements thereto are due on November 17, 2023, and reply briefs are due by December 8, 2023.

<u>**FACTS**</u>

1

Only those facts necessary for a resolution of the instant motion are set forth herein.

This case involves the alleged breaches of a number of agreements.  DR Guns, LLC ("DRG" or "defendant") filed its answer to the amended complaint on October 14, 2022. Defendant asserted neither fraudulent inducement nor illegality as an affirmative defense.  Nor did defendant assert "unenforceability of the liquidated damages provision" as an affirmative defense, although defendant denied that Little Mountain sustained damages in excess of $20,850,215.15 as alleged in the amended complaint.

During discovery, an issue arose with respect to John Habe's ("Habe") felony conviction. Habe is the principal negotiator on behalf of plaintiff with respect to the parties' various agreements.  Plaintiff, as a manufacturer and/or seller of certain firearm parts, holds a Federal Firearms License ("FFL").  The Upper & Lower Agreement ("Agreement") requires an FFL because the "lower" is a serialized part.  The remaining agreements do not appear to require an FFL.  Federal law requires that an applicant for an FFL identify all "responsible persons" associated with the license.  A "responsible person" is defined as "[a]n individual who has the power to direct the management and policies of the applicant pertaining to explosive materials. Generally, the term includes partners, sole proprietors, site managers, corporate officers and directors, and majority shareholders." 27 C.F.R. § 555.11.  It appears that a "responsible person" cannot have certain felony convictions on his record.

The Agreement was not signed by Habe.  Rather, Habe's brother Doug signed it on behalf of plaintiff.  Plaintiff deposed David Rybacki, who negotiated the agreement on behalf defendant. According to his testimony, Rybacki questioned why Habe did not sign the Agreement.  Habe informed Rybacki that the arrangement involved a family business and it was "set up to balanc[e]

the flow of money" among family members.  Rybacki testified that he did not know of Habe's felony conviction at the time he signed the Agreement.  Had he known, he would not have entered into any transactions with plaintiff.  Rybacki testified that he learned of the felony conviction by mid-April 2023.  Counsel for defendant indicates that the felony conviction came to light "shortly before [Habe's] deposition," which occurred on May 30, 2023.  In its status report dated June 12, 2023, defendant indicated that it became aware of the felony conviction approximately one month prior.  During the deposition of Habe, it appears that Habe refused to testify regarding the felony.  Fact discovery closed on June 30, 2023.  Thereafter, on July 5, 2023, defendant filed a timely motion to compel seeking to complete the deposition.   Approximately two weeks later, defendant filed the instant motion requesting leave to amend its answer.  In the context of the current motion, defendant indicates that completion of the deposition will require approximately 30 minutes.

Defendant did not expressly identify "unenforceability of the liquidated damages clause" as a defense in its answer.  Defendant did, however, deny that plaintiff is entitled to the approximately $20 million it seeks.  On May 12, 2023, defendant expressly informed plaintiff that the damages clause is an unenforceable penalty.  Defendant notes that no additional discovery is needed on this issue.  The Court notes that the parties recently filed summary judgment motions in which plaintiff addressed the merits as to whether the damages clause is enforceable.

Defendant moves to file an amended answer to assert the affirmative defenses of fraudulent inducement, illegality, and unenforceability.  Plaintiff opposes the motion.

**<u>ANALYSIS</u>**

3

Defendant argues that leave to amend should be freely given.  According to defendant, no prejudice will result if the amendments to the answer are allowed.  Defendant claims that it needs only 30 minutes of deposition time to complete discovery.  No trial date is set.  Defendant also argues that plaintiff was aware of the challenge to the liquidated damages clause during the course of the litigation.  According to defendant, it only recently learned of Habe's felony conviction. The issue of Habe's felony conviction arose after defendant filed its answer.

In response, plaintiff argues that defendant must satisfy the "good cause" requirement set forth in Fed.R.Civ. Proc. 16.  Plaintiff claims that defendant cannot satisfy this standard because it waited too long to assert these affirmative defenses.  According to plaintiff, defendant has known for some time about the felony issue, but waited months before filing the instant motion.  Plaintiff also argues that leave to amend would be futile.  Plaintiff claims that the liquidated damages clause is valid.  As such, an affirmative defense of unenforceability fails.  Plaintiff further argues that Habe had no duty to disclose the felony conviction, which has little to do with the agreements in any event.  Nor does Habe have any formal affiliation with plaintiff.  Plaintiff also claims that defendant fails to assert any harm as a result of any alleged fraud.

Upon review, the Court finds defendant's motion to be well-taken.  The Court will address each issue in turn.

A.  Fraudulent inducement and illegality

Consideration of a motion to amend filed after the deadline set in the Court's scheduling order entails a two step process under Rules 16(b) and 15(a).  *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).  Under Rule 16(b), the "schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ."  Only after the movant shows

4

good cause may the Court consider whether to grant leave under Rule 15(a)'s directive that "leave shall be freely given when justice so requires."  *Cooke v. AT&T Corp.*, 2007 U.S. Dist. LEXIS 4325, *3 (S.D. Ohio Jan. 22, 2007); *Kaylor v. Raddle*, 2005 U.S. Dist. LEXIS 1523, *6, 9 (N.D. Ohio Feb. 3, 2005).

The primary factor under Rule 16(b)'s "good cause" standard is the movant's diligence in meeting the deadlines set by the scheduling order.  *Andretti v. Borla Performance Indus.*, 426 F.3d 824, 830 (6th Cir. 2005); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). Diligence implies a lack of fault or carelessness on the part of the moving party.  *Cooke*, 2007 U.S. Dist. LEXIS 4325, *6-7.  "[T]he determination of the potential prejudice to the nonmovant also is required when a district court decides whether or not to amend a scheduling order." *Leary*, 349 F.3d at 909.

The Court finds that defendant satisfies the "good cause" requirement with respect to the affirmative defenses of fraudulent inducement and illegality.  Although Rybacki testified that he learned of the felony by mid-April, defense counsel indicates that defendant learned of Habe's felony conviction some time in May when counsel began preparing for Habe's deposition.   At the deposition, counsel questioned Habe regarding the conviction, but counsel for plaintiff cut the deposition short.  Approximately five weeks later, defendant filed a motion to compel.  And, within seven weeks of Habe's deposition, defendant filed the instant motion seeking leave to amend its answer.  During this time period, the fact discovery cutoff was approaching, a number of motions to compel had been filed, and defendant filed two briefs in opposition to the pending motions for judgment on the pleadings.  Defendant also informed plaintiff and the Court that the felony conviction would be an issue in this case.  Given the complexity of this matter, the Court

5

finds that defendant meets the "good cause" requirement set forth in Rule 16.  Defendant filed its

motion for leave to add these affirmative defenses within seven weeks of Habe's deposition.

Moreover, the pleading amendment deadline passed on May 15, 2023, two weeks *before* the

deposition of John Habe even occurred.  In all, the Court cannot say that defendant acted with

fault or carelessly by failing to file the affirmative defenses of fraudulent inducement or illegality

prior to May 15, 2023.

Nor can the Court say that allowing the amendment will cause prejudice to plaintiff.

Defendant argues that the only additional discovery necessary is the completion of the deposition

of Habe, which defendant estimates will take 30 minutes.  Plaintiff does not identify any

additional discovery.  Although the parties filed their summary judgment motions, the Court will

permit  supplementation of the briefs to address these affirmative defenses.  No trial date has

been set, and the affirmative defenses raise discreet issues that will not significantly increase the

complexity of this case.

For these reasons, the Court finds that defendant satisfies Rule 16(b).  Once Rule 16(b) is

satisfied, the Court moves to Rule 15(a).  Despite the "freely given" language of Rule 15(a), the

Court is to measure a motion to amend against certain well-settled standards.  Factors to consider

include undue delay, bad faith or dilatory motive of the movant, prejudice, futility, and the

repeated failure to cure deficiencies by previous amendments.  *Checuti v. Conrail*, 291 F. Supp.

2d 664, 667 (N.D. Ohio 2003); *Gen. Elec. Co. v. Advance Stores Co.*, 285 F. Supp. 2d 1046,

1048 (N.D. Ohio 2003).  Although delay alone is not a sufficient reason to deny a motion to

amend, "the longer the unexplained delay, the less prejudice the adverse party will be required to

show to defeat the motion."  *Advance*, 285 F. Supp. 2d at 1048.

6

The Court finds that the factors weigh in favor of allowing the amendment. There is no suggestion that defendant acted in bad faith or with a dilatory motive. The Court finds that any delay caused by the untimely filing was not "undue." As set forth above, little prejudice will result from the very limited follow-up deposition sought by defendant. Nor has defendant attempted to file previous amendments. The Court further notes that defendant is seeking leave to file affirmative defenses, not file new affirmative *claims*. These factors weigh heavily in favor allowing defendant to assert the affirmative defenses of fraudulent inducement and illegality.

The Court will also consider whether the amendment is futile. Plaintiff argues that any amendment is futile because Habe had no duty to disclose his felony conviction, and Habe has no formal affiliation with plaintiff. Plaintiff also argues that defendant asserts harm only in the abstract, and the FFL has "very little" to do with the contracts in this case.

The Court rejects plaintiff's arguments at this stage in the litigation. Habe argues that he had no duty to disclose his felony conviction. On the other hand, defendant presents testimony from Rybacki that Habe fully negotiated the contract on behalf of plaintiff. When Habe did not sign the Agreements, Rybacki questioned Habe's actions. Habe informed Rybacki that the reason Habe has no ownership interest or employment in plaintiff is due to family structure issues. In the event the reason the entity is structured in this way is due to Habe's felony, Habe would have been required to disclose this fact to correct his statement to the contrary. Neither party addresses any of these facts, which would be required for an analysis as to futility. Based on the parties' submissions, the Court cannot say (as a matter of law) that plaintiff had no duty to disclose Habe's felony.

7

Similarly, the Court rejects plaintiff's argument that Habe's lack of a "formal" affiliation with plaintiff forecloses the fraud defense.  Plaintiff argues that John Habe has "nothing to do" with plaintiff or its FFL.  According to plaintiff, the amendment is futile because Habe is not a "responsible person" under the Code of Federal Regulations.  Plaintiff's argument misses the point.  Defendant argues that it would not have proceeded with the agreements had it known that the primary negotiator on behalf of plaintiff was a convicted felon.  Whether plaintiff should have identified Habe on its FFL application is not dispositive of this issue.  Accordingly, the Court cannot say that the affirmative defense of fraudulent inducement is futile on this basis.

The parties' briefs touch upon the affirmative defense of "illegality."  Defendant's argument on this point consists of one footnote.  Defendant claims that a contract procured through fraud is also "illegal."  Based on this representation, the Court will permit the affirmative defense, but allow only the remedies for a fraudulent inducement defense.  Defendant makes no separate argument as to any other basis for its illegality defense.  Given the posture of this case, the Court will permit no further amendments.  As such, defendant will not be permitted to assert an illegality defense based on any alleged failure of plaintiff to list Habe as a responsible person on its FFL license.

The Court also rejects plaintiff's argument that defendant suffered harm only in the abstract.  As defendant points out, it is not asserting an affirmative claim for relief.  Rather, defendant is asserting fraudulent inducement as a defense to plaintiff's breach of contract claim.  Regardless, a party asserting fraudulent inducement has the option of rescinding the contract *or* recovering any damages stemming from the fraud.  *See, Ajibola v. Ohio Med. Career Coll. Ltd.*, 122 N.E. 3d. 660, 669-70 (Oh. Ct. App. 2018)(noting difference between fraud in the inducement

8

versus fraud in the performance finding that "a party fraudulently induced into entering a contract may seek rescission of the contract or seek damages"); *Duff v. Centene Corp.*, 565 F.Supp.3d 1004, 1027 (S. D. Ohio 2021)(same).  Accordingly, the fact that any alleged damage may be "abstract" does not render the affirmative defense unavailable as a matter of law.

Plaintiff argues that the felony conviction has little to do with this case because it pertains only to a small part of this matter.  According to plaintiff, only that portion of the Agreement directed at manufacturing the "lower" requires an FFL.  Defendant responds that "but for" the fraud, it would not haven entered into *any* of the agreements.  To the extent plaintiff is claiming that the Court should deny leave to amend because Habe's felony conviction had only a small impact on the parties' transactions, the argument is rejected.  The parties are free to argue at summary judgment which agreements (or portions thereof) may have been affected by the alleged fraudulent inducement.

B.  Unenforceability

Having concluded that leave to amend is proper with respect to the affirmative defenses of fraudulent inducement and illegality, the Court will permit defendant to amend the answer to add the affirmative defense of unenforceability.  On May 12, 2023, defendant expressly informed plaintiff that the damages clause is an unenforceable penalty.  This occurred well before the discovery cutoff and the dispositive motion deadline.  In addition, defendant argued the issue in the briefing filed in connection with the motions for judgment on the pleadings.  The issue is also addressed in the pending summary judgment motions.  No further discovery is needed.  Because this issue is currently pending on the merits, and because the Court is permitting defendant to add the affirmative defenses set forth above, the Court will allow defendant to assert unenforceability

as an affirmative defense.

      C.  DRG is the only party seeking to amend

Plaintiff points out that only DRG seeks to amend its answer.  Defendant does not dispute this fact or seek leave on behalf of any of the other defendants.  Therefore, the Court will permit the amendment only on behalf of DRG.

**CONCLUSION**

For the foregoing reasons, Defendant DR Guns, LLC's Motion for Leave to File Amended Answer Instanter is GRANTED.

      IT IS SO ORDERED.


                   /s/ Patricia A. Gaughan
                  PATRICIA A. GAUGHAN
                  United States District Judge

Dated:  8/31/23

10