UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| **Little Mountain, LLC,** | ) | CASE NO. 1:22 CV 1471 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| **DR Guns, LLC, et al.,** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant DR Guns, LLC's Motion for Judgment as a Matter of Law, a New Trial, or Alteration of Judgment (Doc. 238) and Plaintiff Little Mountain Precision, LLC's Motion for Additur, Prejudgment Interest, and Postjudgment[sic] Interest (Doc. 240.) This is a breach of contract case. For the reasons that follow, DR Guns, LLC's motions are DENIED except that DR Guns' motion for remittitur of the jury's award of damages is GRANTED as to the jury's award for unpaid invoices. Little Mountain Precision, LLC's motion for additur is DENIED, and its motion for prejudgment and post-judgment interest is GRANTED.

**FACTS[1]**

On July 29, 2022, plaintiff Little Mountain Precision, LLC ("Little Mountain") brought this suit alleging that defendant DR Guns, LLC ("DR Guns") and certain related corporate entities and individuals were liable for breaching four separate agreements entered between the parties. This case proceeded to trial against DR Guns only and on only two of the agreements (the "Gas Key Agreement" and the "Carrier Agreement"). After the presentation of evidence, the Court granted DR Guns' motion for a directed verdict as to Little Mountain's claim under the Carrier Agreement.

On September 27, 2024, the empaneled jury found that DR Guns breached one agreement: the Gas Key Agreement. The jury awarded Little Mountain $3,830,586.00 in damages. The jury also found that Little Mountain was entitled to its "reasonable legal and litigation expenses (caused by breach of the Gas Key Agreement)." (Doc. 213.) On January 29, 2025, this Court awarded Little Mountain $192,184.40 in attorney fees and $35,623.74 in litigation expenses[2] (Doc. 232) and entered judgment in this action (Doc. 233).

The parties now move for several post-judgment forms of relief. DR Guns moves for judgment as a matter of law in its favor on Little Mountain's claim that it breached the Gas Key Agreement, or, alternatively, for a new trial or alteration of the judgment. Little Mountain opposes these motions. Little Mountain moves for additur, prejudgment interest and post-judgment interest. DR Guns opposes this motion.

---

[1] Only those facts pertinent to the present motions are included below. More complete facts and procedural history have been summarized at length in the Court's other memorandum of opinions and orders in this case.

[2] The parties stipulated in advance of the jury deliberations that any award of reasonable legal and litigation expenses would be determined by this Court.

**STANDARDS OF REVIEW**

Judgment as a matter of law is appropriate after a jury trial under Federal Rule of Civil Procedure 50 if, "when viewing the evidence in a light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party." *Barnes v. City of Cincinnati*, 401 F.3d 729, 736 (6th Cir. 2005). This standard mirrors the standard for granting summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Accordingly, in evaluating a motion under Rule 50, a court may not make credibility determinations or weigh the evidence. *Id.* "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

Federal Rule of Civil Procedure 59 also provides various forms of post-judgment relief. Under Rule 59(a), district courts may grant a new trial on all or some of the claims "for any reason for which a new trial has heretofore been granted in an action at law in federal court." The Sixth Circuit has interpreted Rule 59(a) to mean that "a new trial is warranted when a jury [reaches] a 'seriously erroneous'" result. *Holmes v. City of Massillon*, 78 F.3d 1041, 1045–46 (6th Cir. 1996). A verdict is seriously erroneous when: (1) it is against the weight of the evidence; (2) the damages are excessive; or (3) the trial was "unfair to the moving party in some fashion." *Id.* at 1046. "The decision to grant or deny motions for a new trial under Rule 59 . . . is discretionary with the district court." *Davis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 132–33 (6th Cir. 1990). A party seeking a new trial bears "a heavy burden." *Miller v. Am. President Lines, Ltd.*, 989 F.2d 1450, 1466 (6th Cir. 1993).

Under Rule 59(e), district courts may grant a motion to alter or amend a judgment to "(1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee Cty.*, 402 F. App'x 107, 108 (6th Cir. 2010). Here too, "district courts have a great deal of discretion in deciding whether to grant a Rule 59 motion." *Alexander v. Hoffman*, 2020 WL 2933318, at *3 (E.D. Mich. June 3, 2020) (citing *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).

**ANALYSIS**

In its post-judgment motion, DR Guns seeks judgment as a matter of law in its favor on Little Mountain's claim that it breached the Gas Key Agreement, or, alternatively, for a new trial or alteration of the judgment. Little Mountain filed its own post-judgment motion, seeking additur, prejudgment interest and post-judgment interest. The Court will address each motion in turn.

1. **DR Guns' Motion for Judgment as a Matter of Law**

DR Guns contends that it is entitled to judgment as a matter of law in its favor on Little Mountain's claim that it breached the Gas Key Agreement for two reasons: (1) at the time Little Mountain terminated the Gas Key Agreement, DR Guns had no past due balance under it, and (2) Little Mountain failed to provide the default notice required under the terms of the Gas Key Agreement.

  A. **Whether DR Guns Had Any Past Due Balance Under the Gas Key Agreement at the Time Little Mountain Terminated It**

DR Guns' contention that it had no past due balance under the Gas Key Agreement at the time Little Mountain terminated it rests on DR Guns' disagreement with how Little Mountain applied a credit for 80,000 gas keys to DR Guns' outstanding invoices. DR Guns contends that

although the credit was for gas keys subject to the Gas Key Agreement, Little Mountain incorrectly applied the credit to earlier-issued invoices not subject to the Gas Key Agreement, which left a balance on Gas Key Agreement invoices. According to DR Guns, Little Mountain should have applied the credit to invoices subject to the Gas Key Agreement, which would have negated any open balance under that Agreement.

At trial, DR Guns produced evidence suggesting that Little Mountain should have applied the credit as DR Guns contends. On the other hand, Little Mountain produced evidence suggesting that it correctly applied the credit according to accounting principles and its own internal accounting policies. Little Mountain's evidence included testimony from its expert ("Petrancosta") that Little Mountain correctly applied the credit memo. DR Guns did not offer any rebuttal expert to counter Petrancosta's opinion.

Having viewed the evidence presented to the jury in the light most favorable to Little Mountain, this Court finds that reasonable minds could arrive at the jury's verdict, which was supported by sufficient record evidence. After considering the admissible evidence, the jury seemingly found Little Mountain's evidence more convincing by reaching a verdict in its favor. It is not the role of this Court to reweigh or reevaluate the jury's determination as to the credibility of the evidence it heard. Accordingly, DR Guns is not entitled to judgment as a matter of law on the basis that DR Guns had no past due balance under the gas Key Agreement when Little Mountain terminated it.[3]

---

[3] DR Guns alternatively contends that any outstanding balance under the Gas Key Agreement was due to Little Mountain's improper "over-shipment" of gas keys. DR Guns, however, failed to raise this ground before the Court in any pre-verdict motion and, thus, waived this argument for purposes of a post-trial motion for judgment. *Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 316 (6th Cir.

### B. Whether Little Mountain Provided the Requisite Notice of Default

The parties extensively litigated this issue before, and during, trial and the Court held that whether Little Mountain provided DR Guns with the requisite notice of Default was a question of fact for the jury. The Court instructed the jury that "[u]nder the terms of the Gas Key Agreement, a party's nonperformance did not automatically put it into default. The claiming party had to give the other party notice of the fact that it considered the other party to be in default by specifying the other party's nonperformance." (Doc. 222, at 942:18–22.) The Court further instructed the jury that "[t]he other party has notice of the fact that the claiming party considered it to be in default if the other party, one, has actual knowledge of it; two, has received a notice or notification of it; or three, from all the facts and circumstances known to the other party at the time in question has reason to know that it exists." (*Id.* at 942:24–943:4.)

Having viewed the evidence presented to the jury in the light most favorable to Little Mountain, this Court finds that reasonable minds could arrive at the jury's verdict, which was supported by sufficient record evidence. DR Guns presented its theory of inadequate notice to the jury and Little Mountain countered with its own explanation. In the end, the jury found in Little Mountain's favor. Again, it is not the role of this Court to reweigh or reevaluate the jury's determination as to the credibility of the evidence it heard. Accordingly, DR Guns is not entitled to

---

2007) ("A post-verdict judgment as a matter of law 'is not available at anyone's request on an issue not brought before the court prior to submission of the case to the jury.'" (quoting *Amer. & Foreign Ins. Co. v. Bolt*, 106 F.3d 155, 160 (6th Cir. 1997) (referencing Adv. Comm. Note, Fed. R. Civ. P. 50 ("A post-trial motion for judgment can be granted only on grounds advanced in the pre-verdict motion.")))).

judgment as a matter of law on the basis that Little Mountain failed to provide DR Guns the requisite notice of Default.

For all the aforementioned reasons, and all the reasons stated on the record concerning DR Guns' Rule 50 motion at trial, DR Guns' motion for judgment as a matter of law is DENIED.

    2.    **DR Guns' Motion for a New Trial**

DR Guns contends that it is entitled to a new trial because (1) DR Guns discovered additional evidence after trial that Little Mountain failed to disclose, and (2) the jury's award of damages bears no resemblance to the amounts Little Mountain was seeking under the Gas Key Agreement.

    **A.  Whether New Evidence Warrants a New Trial**

In the Sixth Circuit, a new trial based on omitted evidence is warranted only if the losing party's substantial rights were affected by the omission. *See Burks v. O'Connor, Kennedy Partners, Inc.*, 33 F. App'x 781, 783–84 (6th Cir. 2002). The test for determining whether the losing party's substantial rights were affected is whether inclusion of the evidence would have affected the outcome of the case. *Id.*; *see also Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 514 (6th Cir. 1998) ("Even if a mistake has been made regarding the admission or exclusion of evidence, a new trial will not be granted unless the evidence would have caused a different outcome at trial.").

Here, DR Guns contends that after trial, it learned that Little Mountain's affiliate RW Screw, LLC ("RWS") sued another company, Keystone Profiles, Ltd. ("Keystone"), several months before the trial between DR Guns and Little Mountain commenced. Keystone supplied RWS with the raw material that RWS then sold to Little Mountain, which Little Mountain used to manufacture all the gas keys it supplied to DR Guns during the relevant time period. In its complaint against

Keystone, RWS alleges that Keystone's material failed to comply with the "Specifications" contracted to by RWS and Keystone.

DR Guns contends that "Little Mountain did not disclose to [DR Guns] the scope of RWS' or Keystone's role in the manufacture of the gas keys," even though DR Guns submitted several interrogatories and document requests covering that information. (Doc. 238-1, at 26.) DR Guns argues that it is entitled to a new trial because of this alleged discovery misconduct.

DR Guns offers no explanation, however, as to how the jury's consideration of evidence concerning RWS' dispute with Keystone would have changed the outcome of this trial. At most, DR Guns contends that "the jury should have been given [the] opportunity" to weigh the evidence. (*Id.* at 28.) This falls short of DR Guns' "heavy burden" under Rule 59(a) and, accordingly, DR Guns has not established that evidence concerning RWS' dispute with Keystone affected DR Guns' substantial rights. For this reason, DR Gun's motion for a new trial because of new evidence is DENIED.

### B. Whether the Jury's Total Award of Damages Warrants a New Trial

When deciding a motion for a new trial on the basis that the verdict is against the weight of the evidence, "the court is not to set aside the verdict simply because it believes that another outcome is more justified." *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007) (citing *TCP Indus., Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 546 (6th Cir. 1981)). Rather, the district court "is to accept the jury's verdict 'if it is one which reasonably could have been reached.'" *Denhof*, 494 F.3d at 543 (quoting *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir. 1967) ("[C]ourts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judge feel that other results are more

reasonable" (internal quotation marks omitted))). Further, generally, "'a jury verdict will not be set aside or reduced as excessive unless it is beyond the maximum damages that the jury reasonably could find to be compensatory for a party's loss.'" *Sykes v. Anderson*, 625 F.3d 294, 322 (6th Cir. 2010) (quoting *Am. Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 475 (6th Cir. 2004)).

Here, DR Guns seems to suggest that because the jury did not adopt verbatim the calculations found in Petrancosta's expert report, the jury's award of damages "bears no relation to the evidence at trial" and a new trial is warranted. (Doc. 238-1, at 32.) Petrancosta's testimony as to his calculations were one piece of evidence the jury could consider. Additional and independent evidence of Little Mountain's damages was offered, and DR Guns does not explain how this evidence was insufficient to support the jury's overall award of damages. *Am. Trim, L.L.C.*, 383 F.3d at 475 ("If there is any credible evidence to support a verdict, it should not be set aside."). Further, the jury's departure from the numbers in Petrancosta's report resulted in a total award of damages *less* than Petrancosta calculated and Little Mountain requested. For these reasons, DR Guns has failed to meet its heavy burden of establishing a new trial is warranted based on the jury's award of damages and its motion for a new trial is DENIED.

3. **DR Guns' Motion for Remittitur**

The district court has discretion to remit damages under Rule 59(e) "only when, after reviewing all the evidence in the light most favorable to the prevailing party, it is convinced that the verdict is clearly excessive; resulted from passion, bias, or prejudice; or is so excessive or inadequate as to shock the conscience of the court." *Sykes*, 625 F.3d at 322 (quoting *Am. Trim*, 383 F.3d at 475).

Here, DR Guns moves to reduce the jury's specific award of damages for (1) unpaid invoices and (2) out-of-pocket expenses.

### A. Unpaid Invoices

The jury awarded Little Mountain $136,239 for sums owed for parts delivered but not yet paid for (caused by breach of the Gas Key Agreement only) (*i.e.*, unpaid invoices under the Gas Key Agreement). DR Guns contends this amount should be reduced to, at most, $110,475.

At trial, Petrancosta testified that he calculated the amount of unpaid invoices under the Gas Key Agreement to be $110,000, rounded. Relying on that testimony and exhibits, Little Mountain's counsel asked the jury to award $110,475 for unpaid invoices under the Gas Key Agreement. Instead, the jury awarded $136,239 for unpaid invoices, which, as DR Guns points out, is the exact total amount of unpaid invoices calculated by Petrancosta under the Gas Key Agreement ($110,475) *and* the Carrier Agreement ($25,764). Although the jury heard testimony concerning the Carrier Agreement, the jury was instructed that any award was to be limited to damages caused by DR Guns' breach of the Gas Key Agreement only.

In its opposition to DR Guns' motion, Little Mountain does not point to any record evidence that would support the jury's higher award for unpaid invoices under the Gas Key Agreement only. In fact, Little Mountain fails to address this discrepancy at all in its opposition. For these reasons, the jury's award of damages for unpaid invoices under the Gas Key Agreement is reduced from $136,239 to $110,475 and DR Guns' motion for remitter is GRANTED as to this basis.

### B. Out-of-Pocket Costs

The jury also awarded Little Mountain $666,510 for out-of-pocket costs (caused by breach of the Gas Key Agreement only). DR Guns contends the jury's award of out-of-pocket expenses should be reduced to $0 because of an offsetting "settlement" payment Little Mountain received related to materials used to make the gas keys.

In January 2023, Little Mountain paid RWS $572,456.40 for blanks used to produce the gas keys for DR Guns. Petrancosta authored his report in August 2023 and DR Guns surmises that he included that payment when calculating Little Mountain's "out-of-pocket" damages. But in January 2024, RWS returned to Little Mountain the $572,456.40 as a "settlement agreement." DR Guns contends that the out-of-pocket damages calculation that Petrancosta presented to the jury were, thus, inflated because any out-of-pocket costs were offset by the amount of the settlement that Little Mountain failed to disclose to Petrancosta.

Even if this settlement did lead to Petrancosta calculating inflated out-of-pocket costs, DR Guns has failed to establish that the jury's award is clearly excessive or unsupported by other evidence. Again, Petrancosta's calculations were but one piece of evidence the jury could consider in reaching its damages calculations. There was sufficient other evidence of Little Mountain's out-of-pocket costs to support the jury's award for those damages—for example, testimony about the cost of machinery Little Mountain had to buy to produce the gas keys for DR Guns.[4]

---

[4] DR Guns seems to contend that Little Mountain is not entitled to any of the awarded $363,504 for "the cost of finished parts manufactured but not yet shipped (caused by the breach of the Gas Key Agreement only)." But beyond arguing that the jury "mistakenly awarded" $666,510 for "'out-of-pocket costs and an additional $363,504 figure for 'finished parts manufactured but not yet shipped'" (Doc. 238-1, at 32), DR Guns offers no explanation in its motion to support any such

11

For these reasons, DR Guns' motion to reduce the jury's specific award of out-of-pocket expenses is DENIED.

### 4. Little Mountain's Motion for Additur, Prejudgment Interest and Post-Judgment Interest

Little Mountain contends that it is entitled to an alteration of the judgment under Rule 59(e) to increase the amount of its awarded liquidated damages. As Little Mountain acknowledges "[a]dditur is generally not available in a federal court after a jury trial" *Strunk v. Hurley*, 1988 WL 134500, at *2 (6th Cir. Dec. 16, 1988). There is an exception, however, to this general rule when "'damages claims are definite and incontrovertible,' such that there is 'no genuine issue as to the correct amount of damages.'" *Pittington v. Great Smoky Mountain Lumberjack Feud, LLC*, 880 F.3d 791, 806 (6th Cir. 2018) (quoting *Clay v. Gordon*, 2000 WL 191936, at *3 (6th Cir. Feb. 10, 2000)).

Little Mountain claims that its liquidated damages under the Gas Key Agreement are "definite and incontrovertible" based on an equation agreed to by the parties. (Doc. 240, at 3.) Despite Little Mountain's contention, however, the parties did not agree on the number for each variable in that equation. Rather, the jury was tasked with deciding "[forty-five] percent of the aggregate amount of moneys that DR Guns would have paid Little Mountain for parts scheduled to be sold and delivered under the agreement after the date of DR Guns' default" (Doc. 222, at 945:22–25), which required the jury to decide (1) the number of weeks left on the Gas Key Agreement, (2) the number of parts DR Guns had to order each week, and (3) the price to be paid

---

contention. There was sufficient evidence to support the jury's award of $666,510 for out-of-pocket costs and $363,504 for "finished parts manufactured but not yet shipped."

for those parts. Both sides suggested to the jury what numbers should be used for each variable to calculate any liquidated damages award. The jury's ultimate calculation is supported by sufficient record evidence. For these reasons, Little Mountain's motion for additur is DENIED.

Little Mountain also moves for an award of prejudgment and post-judgment interest. Under the applicable laws, Little Mountain is entitled to prejudgment interest at a rate of 3% from May 25, 2022 until December 31, 2022, 5% for 2023, 8% for 2024, and 8% for January 1, 2025 until January 29, 2025 (Ohio Rev. Code § 1343.03(A)),[5] and post-judgment interest at a rate of 4.17% (28 U.S.C. § 1961(a)).[6] Accordingly, Little Mountain's motion for an award of prejudgment and post-judgment interest is GRANTED.

---

[5] DR Guns opposes Little Mountain's request for any prejudgment interest on the grounds that the jury's entire award should be set aside. As discussed above, this argument is without merit. Additionally, DR Guns contends that any prejudgment interest should be calculated using the 3% statutory rate set for 2022 (when Little Mountain terminated the Gas Key Agreement) rather than calculating interest at the rates set for each calendar year since the claim accrued: 2022 (3%), 2023 (5%), 2024 (8%), and 2025 (8%). While DR Guns is correct that this Court holds some discretion to determine the applicable rate in an award of prejudgment interest, DR Guns has not cited a single case applying Ohio law in which the court applied a single statutory rate from the year the claim accrued rather than applying different rates for each year since the claim accrued. Without any such guidance, this Court declines to limit Little Mountain's entitlement to prejudgment interest in this way. *See Fabrizi Trucking & Paving Co., Inc., v. City of Cleveland*, 85 N.E.3d 279, 287 (Ohio Ct. App. 2017) ("Prejudgment interest acts as compensation and ultimately serves to make the aggrieved party whole. . . . In determining whether to award prejudgment interest pursuant to R.C. 1343.03(A), an aggrieved party should be compensated for the lapse of time between accrual of the claim and judgment.").

[6] DR Guns opposes Little Mountain's request for any post-judgment interest only on the grounds that DR Guns believe Little Mountain is not entitled to any damages. Here too, this argument is without merit. Beyond that, DR Guns seemingly concedes that Little Mountain is entitled to post-judgment interest.

13

**CONCLUSION**

For all the aforementioned reasons, DR Guns' motions are DENIED except that DR Guns' motion for remittitur of the jury's award of damages is GRANTED as to the jury's award for unpaid invoices. Little Mountain's motion for additur is DENIED, and Little Mountain's motion for prejudgment and post-judgment interest is GRANTED. Little Mountain is entitled to $4,032,630.14, plus prejudgment and post-judgment interest as outlined in this Memorandum of Opinion and Order.

IT IS SO ORDERED.

                                                 /s/ Patricia A. Gaughan
                                                 PATRICIA A. GAUGHAN

Dated: 6/3/25                            United States District Judge